UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:22-cv-687

| | |
|---|---|
| JENNIFER RICHARDSON,<br><br>                Plaintiff,<br><br>v.<br><br>OPTUM SERVICES, INC. and UNITEDHEALTH GROUP INC.,<br><br>                Defendants. | **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY PENDING ARBITRATION** |

Plaintiff Jennifer Richardson ("Plaintiff"), by and through the undersigned counsel, hereby responds to Defendants' Motion to Compel Arbitration by informing the Court that while Plaintiff maintains no memory of signing an arbitration agreement at the time of hiring by Defendants, Plaintiff has agreed not oppose Defendants' Motion to Compel Arbitration. However, Plaintiff does oppose any dismissal of this matter pending arbitration. Plaintiff respectfully requests that the Court stay this matter and maintain jurisdiction pending the conclusion of the arbitration. Plaintiff has met her burden of timely filing all claims and anticipates if the Court dismisses this matter, Defendants will attempt to argue her claims in a newly filed arbitration are untimely. Additionally, in the event Defendants do not pay all of the arbitration fees as they will be required, Plaintiff will need to be able to revert this matter back to this Court for adjudication. Defendants are not prejudiced in any way by staying this matter pending the arbitration it chose to compel.

Plaintiff also opposes Defendants' request for attorneys' fees and costs in filing their Motion to Compel. Plaintiff requested numerous times for any proof Defendants had that she

had signed an arbitration agreement as Plaintiff had no recollection. The Defendants simply sent the unauthenticated Agreement itself (ECF No. 9-4) and not the elaborate technical explanation provided to the Court - and Plaintiff for the first time - in its 90 page Motion (ECF No. 9) and 21 page Memorandum of Law (ECF No. 10). Conveniently, Defendants fail to provide the Court with the factual information that Plaintiff attempted to resolve this matter by initiating settlement discussions immediately (ECF No. 9-4 at p. 6) and making a reasonable settlement demand as soon as defense counsel requested one - to which no response was or has been received. [Exhibit A] Plaintiff made this demand while simultaneously seeking any and all evidence or proof Defendant had that Plaintiff had knowingly entered into an arbitration agreement. Again, Defendant provided nothing more than the Arbitration Agreement itself with nothing further despite repeated requests by Plaintiff. It chose to prepare a lengthy motion rather than engage in meaningful settlement negotiations or provide information it clearly had available attempting to authenticate Plainitff's alleged signature.

Plaintiff still has no recollection of signing the agreement, and believes the agreement is unconscionable. Even if an arbitration agreement is found to exist, the party opposing arbitration may argue the agreement is unenforceable based on any "generally applicable contract defenses, such as fraud, duress, or unconscionability." *Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 687, 116 S. Ct. 1652, 134 L. Ed. 2d 902 (1996)). Under the FAA savings clause, state law that arose to govern issues concerning the validity, revocability, and enforceability of contracts generally remains applicable to arbitration agreements. 9 U.S.C. § 2. The contract enforceability principles of the forum state apply. *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 630-31 (2009).

North Carolina law recognizes that equity may require the invalidation of an unconscionable contract. A contract is unconscionable:

> Only when the inequality of the bargain is so manifest as to shock the judgment of a person of common sense, and where the terms are so oppressive that no reasonable person would make them on the one hand, and no honest and fair person would accept them on the other hand.

*Tillman vs. Citigroup*, 362 N.C. 93, 101, 655 S.E.2d 362, 368 (2008) (quoting *Brenner v. Little Red Sch. House Ltd*, 302 N.C. 207, 313, 274 S.E.2d 206 (1981). Court will not enforce a contract that is lacking in fundamental fairness or even-handedness. When the agreement to arbitrate so clearly favors one party above the other, it is appropriate for the court to find that the agreement is invalid. *Murray v. United Food and Commercial Workers Int'l Union, et al.* 289 F.3d 297, 302 (4th Cir. 2001).

Procedural unconscionability involves "bargaining naughtiness" in the form of unfair surprise, lack of meaningful choice, and an inequality of bargaining power. *Tillman v. Commercial Credit Loans, Inc*., 362 N.C. 93, 101-103 362 (2008), citations omitted. Substantive unconscionability, on the other hand, refers to harsh, one-sided, and oppressive contract terms. *Id.* Unconscionability is ultimately a determination to be made in light of a variety of factors not unifiable into a formula. Most courts take a balancing approach to the unconscionability question, requiring a certain quantum of procedural, plus a certain quantum of substantive, unconscionability. *Id.* However, while the presence of both procedural and substantive problems is necessary for an ultimate finding of unconscionability, such a finding may be appropriate when a contract presents pronounced substantive unfairness and a minimal degree of procedural unfairness, or vice versa. *Id*

Here, clearly Defendants had the superior bargaining power as shown by its own Motion and the purported arbitration agreement was allegedly part of Defendants onboarding process *after* employees are hired to which no options are given not to sign but still be employed. Nonetheless, Plaintiff has agreed not to oppose arbitration and, for the reasons stated above,

Plaintiff only requests that the Court maintain jurisdiction over this matter during pendency of the arbitration.

Plaintiff respectfully requests that the Court stay this matter pending arbitration and deny Defendants' Motion to Dismiss and for Attorneys' Fees and Costs.

Respectfully submitted this the 15th day of March, 2023.

>*/s/ L. Michelle Gessner*
>L. Michelle Gessner, NCSB#26590
>GESSNER LAW, PLLC
>602 East Morehead
>Charlotte, North Carolina 28202
>Tel: (704) 234-7442; Fax: (980) 206-0286
>Email: michelle@mgessnerlaw.com
>*Attorney for Plaintiff*