UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:22-cv-687

| | |
|---|---|
| JENNIFER RICHARDSON,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>OPTUM SERVICES, INC. and<br>UNITEDHEALTH GROUP INC.,<br><br>　　　　　　Defendants. | PLAINTIFFS' RESPONSE IN OPPOSITION OF DEFENDANTS' RENEWED MOTION TO DISMISS AND FOR ATTORNEYS' FEES AND COSTS |

Plaintiff Jennifer Richardson ("Plaintiff"), by and through the undersigned counsel, hereby responds to Optum Services, Inc. and UnitedHealth Group, Inc.'s ("Defendants") Renewed Motion to Dismiss and for Fees and costs. Defendants continue to run up fees and costs unnecessarily in this matter attempting to play a game of "gotcha" to have Plaintiff's case thrown out claiming she untimely filed her lawsuit because she filed it in this Court instead of in arbitration. This Court should see through this gamesmanship and waste of judicial resources and simply deny Defendants' Motion to Compel Arbitration as moot, grant Defendants' Motion to Stay the case pending arbitration given the arbitration proceeding has begun, deny Defendant's Motion to Dismiss and Motion for Attorneys' Fees.

Plaintiff filed her arbitration as Defendants requested to expedite the conclusion of her claims against Defendants and to avoid further delays. This in no way means she has conceded this Court has no authority over this matter - quite the contrary. Typically Court's maintain jurisdiction even once matters have been compelled to arbitration in order to allow the parties to return back to Court if necessary and/or to have a final award approved and/or adjudicated.

I. **LEGAL DISCUSSION**

   A. **The Court should stay, not dismiss this litigation, as it has and should maintain jurisdiction over this matter until its conclusion.**

Defendants argue "[d]ismissal is appropriate here because arbitration deprives the Court of jurisdiction to render a decision in the matter." [ECF No. 16 at p. 5]. However, the "court is free to weigh the evidence to determine the existence of jurisdiction." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Ultimately, the FAA makes a " § 4 procedural gate to arbitration, directing courts to compel arbitration…, and it prescribes the basis of jurisdiction over a § 4 petition, instruction that jurisdiction over such a petition follow the jurisdictional basis for litigating the underlying dispute… Thus, when the underlying dispute can be litigated in federal court, the federal court has jurisdiction over the § 4 petition to compel arbitration." *McCormick v. America Online, Inc.*, 909 F.3d 677, 682 (4th Cir. 2018). The court also has jurisdiction to "compel the attendance of witnesses at arbitration," and can "review arbitration awards." *Id.* Even though this case is proceeding in Arbitration at this time, the Court still has jurisdiction over both parties in this matter and can intervene when necessary.

   B. **The Court should stay, not dismiss this litigation, as Plaintiff timely filed her Complaint, yet Defendant is intentionally attempting to seek dismissal for an improper purpose to claim Plaintiff's Complaint was untimely.**

The real reason Defendants want the Court to grant their Motion to Dismiss as opposed to a stay is so that they can attempt to play "gotcha" and seek to dismiss Plaintiff's claims as untimely, as opposed to allow her to be heard on the merits of her timely filed lawsuit. Plaintiff timely filed her lawsuit before this Court within 90 days after receiving her notice of right to sue. This Court still has jurisdiction over her claims, and will be necessary to approve and adjudicate a final award when one is given. A stay is appropriate and should be granted instead of a Motion to Dismiss as the parties are moving forward with the arbitration Defendant sought and, indeed,

the Court would maintain jurisdiction over during its pendency. Defendants have filed their Answer, Carl Horn has been selected as an arbitrator and the parties have a scheduling conference on June 1, 2023. Seeking to dismiss this case is for no other reason than to attempt to seek a dismissal claiming that Plaintiff's arbitration claims were not filed within the 90 days required and ignoring the timely filed lawsuit in the proper jurisdiction altogether. Defendant's Motion to Dismiss was filed for an improper purpose and should be denied.

### C. Defendants' request for attorneys' fees and costs should be denied.

Plaintiff opposes Defendants' request for attorneys' fees and costs in filing their Motion to Compel. Plaintiff requested numerous times for any proof Defendants had that she had signed an arbitration agreement as Plaintiff had no recollection. Defendants simply sent the unauthenticated Agreement itself [ECF No. 9-4] and not the elaborate technical explanation provided to the Court - and Plaintiff for the first time - in its 90 page Motion [ECF No. 9] and 21 page Memorandum of Law [ECF No. 10]. Plaintiff still has no recollection of signing the agreement, and believes the agreement is unconscionable. Even if an arbitration agreement is found to exist, the party opposing arbitration may argue the agreement is unenforceable based on any "generally applicable contract defenses, such as fraud, duress, or unconscionability." *Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 687, 116 S. Ct. 1652, 134 L. Ed. 2d 902 (1996)). Under the FAA savings clause, state law that arose to govern issues concerning the validity, revocability, and enforceability of contracts generally remains applicable to arbitration agreements. 9 U.S.C. § 2. The contract enforceability principles of the forum state apply. *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 630-31 (2009). North Carolina law recognizes that equity may require the invalidation of an unconscionable contract. A contract is unconscionable:

> Only when the inequality of the bargain is so manifest as to shock the judgment of a person of common sense, and where the terms are so oppressive that no

> reasonable person would make them on the one hand, and no honest and fair person would accept them on the other hand.

*Tillman vs. Citigroup*, 362 N.C. 93, 101, 655 S.E.2d 362, 368 (2008) (*quoting Brenner v. Little Red Sch. House Ltd*, 302 N.C. 207, 313, 274 S.E.2d 206 (1981). Courts will not enforce a contract that is lacking in fundamental fairness or even-handedness. When the agreement to arbitrate so clearly favors one party above the other, it is appropriate for the court to find that the agreement is invalid. *Murray v. United Food and Commercial Workers Int'l Union, et al.* 289 F.3d 297, 302 (4th Cir. 2001).

Procedural unconscionability involves "bargaining naughtiness" in the form of unfair surprise, lack of meaningful choice, and an inequality of bargaining power. *Tillman v. Commercial Credit Loans, Inc*., 362 N.C. 93, 101-103 362 (2008), citations omitted. Substantive unconscionability, on the other hand, refers to harsh, one-sided, and oppressive contract terms. *Id*. Unconscionability is ultimately a determination to be made in light of a variety of factors not unifiable into a formula. Most courts take a balancing approach to the unconscionability question, requiring a certain quantum of procedural, plus a certain quantum of substantive, unconscionability. *Id*. However, while the presence of both procedural and substantive problems is necessary for an ultimate finding of unconscionability, such a finding may be appropriate when a contract presents pronounced substantive unfairness and a minimal degree of procedural unfairness, or vice versa. *Id.*

Here, Defendants had the superior bargaining power as shown by its own Motion and the purported arbitration agreement was allegedly part of Defendants onboarding process after employees are hired to which no options are given not to sign but still be employed.

Nonetheless, Plaintiff agreed to proceed to arbitration for the reasons stated above and in her original Response to move the case along after being provided the elaborate proof that she

allegedly had signed the Agreement - despite her continued position that she has no recollection of signing. By doing so, Plaintiff assisted the Court and judicial economy by rendering Defendants' Motion to Compel as moot, and Plaintiff simply seeks for the Court to grant a stay and maintain jurisdiction until the arbitration is completed. Again, the parties will need a final award to be approved to be enforceable regardless and it is typical and common for Courts to stay matters pending in arbitration for the reasons stated.

Defendants argue "Plaintiff cannot now argue that imposition of attorneys' fees is inappropriate because she was provided documentary proof that she agreed to arbitrate her claims and was warned that Defendants would seek attorneys' fees. [ECF No. 16 at p. 9]. However, Plaintiff did not resist arbitration. In situations of bad faith, including but not limited to, resistance after a party seeks to compel arbitration attorneys' fees are considered justified. *See Dist. Lodge 4 Intl. Assn. of Machinists and Aerospace Workers v. DynCorp Intl. LLC*, 651 F Fed. Appx. 148 (4th Cir. 2016)(unpublished). She sought additional information which Defendants refused to provide and chose to incur fees and costs of only providing to the Court.

Defendants have obtained what it allegedly wanted, to proceed in arbitration. Plaintiff requests that Defendants request for attorneys' fees and costs be denied and the court stay the case pending arbitration.

### III. CONCLUSION

Plaintiff respectfully requests that the Court stay this matter pending completion of arbitration, deny Defendants' Renewed Motion to Dismiss and for Attorneys' Fees and Costs, and render Defendants' Motion to Compel as moot for arbitration proceedings have already begun.

5

Case 3:22-cv-00687-RJC-DCK    Document 17    Filed 05/31/23    Page 5 of 6

Respectfully submitted this the 31st day of May, 2023.

>*/s/ L. Michelle Gessner*
>L. Michelle Gessner, NCSB#26590
>Gessner Law, PLLC
>602 East Morehead
>Charlotte, North Carolina 28202
>Tel: (704) 234-7442; Fax: (980) 206-0286
>Email: michelle@mgessnerlaw.com
>*Attorney for Plaintiff*