IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:22-CV-687-RJC-DCK

| | |
|---|---|
| JENNIFER RICHARDSON, | ) |
| Plaintiff, | ) |
| v. | ) MEMORANDUM AND |
| | ) RECOMMENDATION |
| OPTUM SERVICES, INC. and | ) |
| UNITEDHEALTH GROUP, INC., | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendants' Motion To Compel Arbitration And Dismiss Or, In The Alternative, Stay Pending Arbitration" (Document No. 9) and "Defendants' Motion To Dismiss (Renewed) And Notice Of Demand For Arbitration" (Document No. 14). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and are now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motions be <u>denied</u>.

## I. BACKGROUND

Plaintiff Jennifer Richardson ("Plaintiff" or "Richardson") initiated this action with the filing of a "Complaint" (Document No. 1) on December 27, 2022. In the Complaint, Plaintiff contends that she was wrongfully terminated by Defendants Optum Services, Inc. ("Optum") and UnitedHealth Group, Inc. ("UnitedHealth") (together, "Defendants"), after months of allegedly unfair treatment and retaliatory behavior which contributed to a deterioration of Plaintiff's mental health. (Document No. 1, pp. 4-7). The Complaint asserts claims for: (1) Violation of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601; (2) Violation of the Americans

with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101; (3) Violation of the Retaliatory Employment Discrimination Act ("REDA"), N.C. Gen. Stat. §§ 95-241; and (4) Wrongful Discharge in Violation of Public Policy, N.C. Gen. Stat. § 143-422.1.

On February 24, 2023, Optum and UnitedHealth filed "Defendants' Motion to Compel Arbitration and Dismiss Or, In The Alternative, Stay Pending Arbitration" (Document No. 9) and "Defendants' Memorandum Of Law In Support of …" (Document No. 10). Defendants assert that Plaintiff, during her onboarding process, agreed to resolve all employment-related disputes through arbitration. (Document No. 10, p. 2). Defendants also request that this Court award them the costs and fees associated with the filing of the motion. (Document No. 9, pp. 2, 4).

On March 15, 2023, "Plaintiff's Response To Defendants' Motion To Compel Arbitration And Stay Pending Arbitration" (Document No. 12) was filed. Plaintiff contended that she had no memory of signing an arbitration agreement at the time of her hiring and believed the arbitration agreement to be unconscionable, but ultimately, she agreed not to oppose Defendants' motion to compel arbitration. (Document No. 12, p. 1-3). Plaintiff did, however, oppose dismissal of the action and requested, instead, that this Court stay the matter pending arbitration. Id. "Defendants' Reply to Plaintiff's Response… " was subsequently filed on March 22, 2023. (Document No. 13).

"Defendants' Motion To Dismiss (Renewed) And Notice of Demand For Arbitration" (Document No. 14) and "Defendants' Memorandum Of Law…" (Document No. 16) were filed on May 17, 2023. Plaintiff's "Response In Opposition Of Defendants' Renewed Motion To Dismiss And For Attorneys' Fees And Costs" (Document No. 17) was filed on May 31, 2023. Defendants filed a "Reply To Plaintiff's Response…" (Document No. 18) on June 7, 2023.

The pending motions have been fully briefed and are ripe for review and a recommended disposition to the Honorable Robert J. Conrad, Jr.

## II.  STANDARD OF REVIEW

**The Federal Arbitration Act**

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, governs the rights and responsibilities of parties to an arbitration agreement.  See Patten Grading & Paving, Inc. v. Skanska USA Bldg., Inc., 380 F.3d 200, 204 (4th Circ. 2004).  Under the FAA, "[w]hen a valid agreement to arbitrate exists between the parties and covers the matter in dispute, the [Act] commands the federal courts to stay any ongoing judicial proceedings and to compel arbitration." Bradford v. Rockwell Semiconductor Sys., Inc., 238 F.3d 549, 552 (4th Cir. 2001) (quoting Hooters of Am., Inc. v. Phillips, 173 F.3d 933, 937 (4th Cir. 1999)).  "The primary substantive provision of the FAA, § 2," expresses a strong policy in favor of arbitration: a written agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  Patten Grading & Paving, 380 F.3d at 204 (quoting 9 U.S.C. § 2).  Accordingly, a party may obtain an order compelling arbitration and a stay of federal court proceedings if it can demonstrate:

> (1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect, or refusal of [the opposing party] to arbitrate the dispute.

Am. Gen. Life & Accident Ins. Co. v. Wood, 429 F.3d 83, 87 (4th Cir. 2005) (quoting Adkins v. Labor Ready, Inc., 303 F.3d 496, 500-01 (4th Cir. 2002));  see also 9 U.S.C. §§ 3-4.

**Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1)**

A motion to dismiss under Fed.R.Civ.P. 12(b)(1) seeks to dismiss a complaint for lack of subject matter jurisdiction. The plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac. R.R. Co. v. United States, 945 F.2d 765,768

3

(4th Cir. 1991). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). "The subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)).

**Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(3)**

When an objection to venue has been raised under Rule 12(b)(3), the burden lies with the plaintiff to establish that venue is proper in the judicial district in which the plaintiff has brought the action. Static Control Components, Inc. v. Intersolution Ventures, Ltd., 2006 WL 2042900, at *10 (M.D.N.C July 17, 2006) (citing Plant Genetic Systems, N.V. v. Ciba Seeds, 933 F.Supp. 519, 526 (M.D.N.C. 1996)). "To survive a motion to dismiss for improper venue when no evidentiary hearing is held, the plaintiff need only make a prima facie showing of venue." Eyetalk365, LLC v. Zmodo Tech. Corp. Ltd., 2017 WL 4684189, at *1 (W.D.N.C. Oct. 18, 2017) (quoting Mitrano v. Hawes, 377 F.3d 402, 405 (4th Cir. 2004)). And, "[i]n assessing whether there has been a prima facie showing, [the court] view[s] the fact in the light most favorable to the plaintiff." Eyetalk365, LLC, 2017 WL 4684189, at *1 (quoting Aggarao v. MOL Ship Mgmt. Co., Ltd., 675 F.3d 355, 366 (4th Cir. 2012)).

**Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6)**

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A

complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

**A. Motion To Dismiss**

Defendants argue in the pending motion to dismiss that all of Plaintiff's claims are arbitrable. (Document No. 16, p. 4). Defendants assert that while the FAA generally requires

5

district courts to stay judicial proceedings involving claims covered by written arbitration agreements, the Fourth Circuit has separately held that dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable. Id. (citing Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 709-10 (4th Cir. 2001)). Defendants argue that by agreeing not to oppose arbitration and then filing the same claims with the American Arbitration Association ("AAA") as she did with this Court, Plaintiff has conceded that her claims are arbitrable, Choice Hotels applies, and Plaintiff's Complaint must be dismissed. Id.

Defendants further contend that dismissal is appropriate because arbitration deprives the Court of jurisdiction to render a decision in this matter. (Document No. 16, p. 5) (internal citations omitted). Defendants argue that Plaintiff's request to stay the matter is simply an attempt to use this Court as a sanctuary to avoid a potentially unfavorable outcome in arbitration. Id.

Plaintiff counters that this Court should maintain jurisdiction, as it has the authority to compel the attendance of witnesses at arbitration, review arbitration awards, and intervene in the matter when necessary. (Document No. 17, p. 2) (citing McCormick v. America Online Inc., 909 F.3d 677, 682 (4th Cir. 2018)). Plaintiff further contends that Defendants seek dismissal in this Court so that they may subsequently have her claims dismissed as untimely in arbitration, rather than allowing her to be heard on the merits of her claims. Id. Accordingly, Plaintiff argues that Defendants' motion to dismiss was filed for an improper purpose and should be denied. Id.

Based on the parties' briefings, it appears the parties have mutually agreed to arbitration and the original motion to compel arbitration is now moot. See (Document No. 12, p. 1,3).

Further, the undersigned notes that a recent case from this district considered Fourth Circuit opinions as to whether the dismissal of an action is proper when arbitration is pending, and finds that decision to be instructive:

> The defendants request that this matter be dismissed upon referral to arbitration. (citation omitted). The Court notes that there are conflicting opinions within the Fourth Circuit as to whether dismissal in lieu of a stay is an authorized remedy under §3. *Compare Murray, 289 F.3d at 301 with Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-710 (4th Cir. 2001) … The Court has previously found the language cited in Choice Hotels, however, to be dicta (citations omitted). In the absence of clear guidance from the Fourth Circuit regarding the appropriateness of a dismissal, the Court will follow the plain language of §3 and stay the action.

Woodis v. United Health Group, Inc., No. 1:21-cv-222-MR-WCM, 2021 WL 5893681, at *1, n.1 (W.D.N.C. Dec. 13, 2021) (comparing Murray, 289 F.3d at 301 with Choice Hotels). Accordingly, the undersigned will recommend that this action be stayed pending arbitration.

**B. Motion For Attorneys' Fees**

Defendants also request that this Court award the attorneys' fees and costs incurred in filing their motion to compel arbitration. (Document No. 16, p. 7). Defendants contend that they notified Plaintiff's counsel of the agreement to arbitrate and advised that they would seek attorneys' fees and costs if it became necessary to file the motion. Id. at 8. A court may award attorney's fees "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Chambers v. NASCO, Inc., 501 U.S. 32, 46 (1991). The undersigned notes that the award of attorneys' fees and costs is not mandatory, but rather it is within a court's discretion to award such costs. Here, the undersigned, in his discretion, finds that the standard set forth in Chambers is not met in this matter and will recommend that Defendants' request for attorneys' fees and costs be denied.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendants' Motion To Dismiss (Renewed) And Notice Of Demand For Arbitration" (Document No. 14) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that "Defendants' Motion to Compel Arbitration And Dismiss Or, In The Alternative, Stay Pending Arbitration" be **DENIED as moot**.

**IT IS FURTHER RECOMMENDED** that this matter be **STAYED** pending arbitration, and that the parties be required to file a joint Status Report in ninety (90) days on **October 23, 2023**, **and every ninety (90) days thereafter**, until otherwise ordered by the Court.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: July 25, 2023

David C. Keesler
United States Magistrate Judge